UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **JOHN DOE,** | § § § | |
| *Plaintiff,* | § | Civil Action No. **6:22-cv-1155** |
| v. | § § § | |
| **BAYLOR UNIVERSITY,** | § § § | |
| *Defendant.* | § § | |

**PLAINTIFF'S EX PARTE MOTION TO PROCEED UNDER PSEUDONYM
AND FOR PROTECTIVE ORDER**

**PLEASE TAKE NOTICE** that Plaintiff hereby applies to the Court for an e*x parte* order: (i) authorizing Plaintiff to file the Complaint, summons, and civil cover sheet in this action using the pseudonym "John Doe," and to file all other papers in this action under the name John Doe, and to identify other non-parties by pseudonym; and (ii) prohibiting Defendant from publicly identifying Plaintiff, in court filings or otherwise.

**PLEASE TAKE FURTHER NOTICE THAT** Plaintiff shall rely upon the accompanying Complaint, Memorandum of Law, and the Declaration of Andrew T. Miltenberg, Esq. in support of the Motion. Plaintiff also submits a proposed form of Order with this Motion.

**Dated: New York, New York**
      **November 4, 2022**      **Respectfully submitted,**

**Nesenoff & Miltenberg, LLP**
*Attorneys for Plaintiff John Doe*

By: /s/Andrew T. Miltenberg
Andrew Miltenberg, Esq.
Stuart Bernstein, Esq.
Kristen Mohr, Esq.
363 Seventh Avenue, 5th Floor
New York, New York 10001
212-736-4500 (telephone)
212-736-2260 (fax)
amiltenberg@nmllplaw.com
sbernstein@nmllplaw.com
kmohr@nmllplaw.com

**Borsellino, P.C.**
*Attorneys for Plaintiff John Doe*

By: /s/ Josh Borsellino
Josh Borsellino, Esq.
Texas State Bar No. 24045532
Borsellino, P.C.
Office Address:
1020 Macon St., Suite 15
Fort Worth, Texas 76102
Mailing Address:
3267 Bee Cave Rd., Ste. 107, PMB # 201
Austin, TX 78746
Telephone: (817) 908-9861
Facsimile: (817) 394-2412
Email: josh@dfwcounsel.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **JOHN DOE,** | § § § | |
| *Plaintiff,* | § § | **Civil Action No.** |
| v. | § § | |
| **BAYLOR UNIVERSITY,** | § § § | |
| *Defendant.* | § § | |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S *EX PARTE* MOTION TO PROCEED UNDER
<u>PSEUDONYM AND FOR PROTECTIVE ORDER</u>**

**NESENOFF & MILTENBERG, LLP**
**Attorneys for Plaintiff**
363 Seventh Avenue, Fifth Floor
New York, New York 10001
(212) 736-4500

1

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... ii

INTRODUCTION .................................................................................................................... 1

STATEMENT OF FACTS ....................................................................................................... 1

ARGUMENT ............................................................................................................................ 3

    I.    Legal Standards ............................................................................................. 3

    II.    The Balancing Test Favors Plaintiff's Anonymity ...................................... 4

        A.    This Case Compels Plaintiff to Reveal Information of the Utmost Intimacy .................................................................................................. 5

        B.    Disclosure of Plaintiff's Identity Would Result in Significant Harm to Plaintiff ........................................................................................ 7

        C.    The Suit is Challenging the Action of a Partially Federally Funded College ............................................................................................ 8

        D.    Defendants Will Not be Prejudiced by Allowing Plaintiff to Proceed Pseudonymously ............................................................................. 8

        E.    There is Weak Public Interest in Knowing Plaintiff's Identity ................... 9

CONCLUSION ....................................................................................................................... 10

# **TABLE OF AUTHORITIES**

Cases

*Doe No. 2 v. Kolko*,
  242 F.R.D. 193 (E.D.N.Y. 2006) ................................................................................... 8, 9

*Doe v. Alger*,
  317 F.R.D. 37 (W.D. Va. 2016) ......................................................................................... 5

*Doe v. Baum*,
  903 F.3d 575 (6th Cir. 2018) .............................................................................................. 4

*Doe v. Brandeis Univ.*
  177 F. Supp. 3d 561 (D. Mass. 2016) ................................................................................. 5

*Doe v. Colgate Univ.*,
  No. 5:15-CV-1069 (LEK/DEP), 2016 WL 1448829 (N.D.N.Y. Apr. 12, 2016) .................... 4, 7

*Doe v. Columbia Univ.*,
  831 F.3d 46 (2d Cir. 2016) ................................................................................................. 4

*Doe v. Del Rio*,
  241 F.R.D. 154 (S.D.N.Y. 2006) ........................................................................................ 8

*Doe v. Middlebury*,
   No. 15-CV-192 (JGM), 2015 WL 5488109 (D.Vt. Sept. 16, 2015) ........................................ 5

*Doe v. Penzato*,
  10-CV-5154 (MEJ), 2011 WL 1833007 (N.D. Cal. May 13, 2011) .......................................... 5

*Doe v. Salisbury Univ.*,
  107 F. Supp. 3d 481 (D. Md. 2015) ................................................................................ 5, 6

*Doe v. Stegall*,
  653 F.2d 180 (5th Cir. 1981) .............................................................................................. 3

*Doe v. Univ. of Montana*,
  2012 WL 2416481 (D. Mont. 2012) .................................................................................... 6

*Doe v. Univ. of S. Florida Bd. of Trustees*,
  15-CV-682-T-30 (EAJ), 2015 WL 3453753 (M.D. Fla. 2015) ............................................. 5, 6

*Doe v. Univ. of S.C.*,
  No. 18-CV-161 (TLW) (PJG), 2018 WL 1215045 (D.S.C. Feb. 12, 2018) .............................. 4

*Doe v. Univ. of St. Thomas*,
   No. 16-CV-1127(ADM) (KMM), 2016 WL 9307609 (D. Minn. May 25, 2016) ...................... 4

*Doe v. Univ. of the South*,
   687 F. Supp. 2d 744 (E.D. Tenn. 2009) ................................................................... 5, 6

*Doe v. Washington & Lee Univ.*
   No. 14-CV-00052, 2015 WL 4647996 (W.D. Va. Aug. 5, 2015) .......................................... 5, 6

Does I–XXIII v. Advanced Textile Corp.,
   214 F.3d 1058 (9th Cir.2000) ................................................................................. 7

*EW v. New York Blood Ctr.*,
   213 F.R.D. 108 (E.D.N.Y. 2003) ............................................................................. 5

*Jane Roes 1-2 v. SFBSC Mgmt.*, LLC,
   77 F. Supp. 3d 990 (N.D. Cal. 2015) ....................................................................... 9

*John Doe v. Columbia University and Trustees of Columbia University,*
   2014 WL 6471520 (S.D.N.Y. 2014) .......................................................................... 6

*Rose v. Beaumont Indep. Sch. Dist.*,
   240 F.R.D. 264 (E.D. Tex. 2007) ............................................................................ 4

*Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*,
   599 F.2d 707 (5th Cir. 1979) ................................................................................. 3

Statutes

20 U.S.C. § 1232 ......................................................................................................... 6

Rules

Fed. R. Civ. P. 10 ........................................................................................................ 3

## INTRODUCTION

Plaintiff John Doe, ("Plaintiff") by his attorneys, Nesenoff & Miltenberg, LLP, hereby respectfully requests this Court: (i) permit Plaintiff to proceed in the above-captioned matter under the pseudonym John Doe, and to similarly permit Plaintiff to identify non-parties to this litigation by pseudonym; and (ii) issue a protective order precluding Defendants from disclosing Plaintiff's identity, through court filings or otherwise. In light of the private, sensitive, and highly personal nature of the allegations contained in the Complaint, the risk that identifying Plaintiff would subject him to the precise harm he is seeking to avoid by way of this action, the minimal public interest in learning Plaintiff's identity, and the absence of any prejudice to Defendants, Plaintiff's identity should not be disclosed to the public. Given the nature of this case – regarding allegations of sexual assault – Plaintiff is justifiably concerned about the possibility of acts of reprisal that could place Plaintiff in physical danger and prevent Plaintiff from proceeding with his future educational, career, and personal endeavors.

Plaintiff is prepared to provide a statement of his true identity under seal, upon the Court's request.

## STATEMENT OF FACTS

A full accounting of the facts underlying Plaintiff's claims can be found in the Complaint. For the purposes of this motion, the relevant facts are as follows:

Plaintiff matriculated to Baylor in the Fall of 2020 and had an expected graduation date of Spring 2024. Compl. ¶ 73. On October 19, 2020, Plaintiff met fellow first-year student Jane Roe on the dating app Tinder. Compl. ¶ 74. Plaintiff and Roe exchanged messages on Tinder for five days, where Roe often discussed meeting up to engage in sexual intercourse. Compl. ¶¶ 75-76. On October 23, 2020, Roe messaged Plaintiff asking when he was free and if he had a condom. Compl. ¶ 78. Plaintiff and Roe then

decided to meet that night and go to Plaintiff's dorm room. Compl. ¶ 79. While in Plaintiff's dorm room, Plaintiff and Roe casually talked for a few minutes before engaging in consensual kissing. Compl. ¶¶ 80-81. Plaintiff asked Roe if she wanted Plaintiff to perform oral sex on her, and Roe affirmatively said yes before Plaintiff proceeded to perform oral sex on her. Compl. ¶¶ 82-83. Roe then voluntarily performed oral sex on Plaintiff. Compl. ¶ 84. Plaintiff asked Roe if she wanted to engage in sexual intercourse, and Roe said yes. Compl. ¶ 85. Plaintiff then retrieved a condom before Plaintiff and Roe engaged in consensual sexual intercourse for four to five minutes. Compl. ¶ 86. Roe then got dressed, hugged Plaintiff goodbye, and left in good spirits. Compl. ¶ 88. After leaving Plaintiff's apartment, however, Roe called her friends and began spreading rumors that she had been sexually assaulted. Compl. ¶ 91.

On October 25, 2020, Roe went to the University's Police Department ("BUPD") and reported that she had been sexually assaulted by Plaintiff. Compl. ¶ 99. However, when speaking to BUPD, Roe stated that she did not want to pursue a disciplinary investigation. Compl. ¶ 100. Roe did not submit a formal complaint to the University until nearly one year later, on July 13, 2021. Compl. ¶ 101. Baylor conducted an investigation that was fraught with procedural inadequacies and distorted the facts to fit Roe's nebulous narrative. Compl. ¶¶ 105-113. The University held a hearing for the matter on October 18, 2021, wherein Roe was appointed an advisor whom Plaintiff had previously shared confidential information with regarding the investigation. Compl. ¶¶ 114-117. On November 1, 2021, Plaintiff received a letter finding him responsible for sexual assault and sanctioning him to expulsion from the University. Compl. ¶ 121. Plaintiff timely appealed the decision and sanction on November 9, 2021, and the appeal was denied by the Appellate Officer on November 23, 2021. Compl. ¶¶ 134-136. Following the investigation and adjudication, however, Roe has continued to stalk Plaintiff and his friends. Compl. ¶¶ 138-144. However, the University has declined to investigate any claims against Roe. Compl. ¶ 145.

Plaintiff now seeks, through his Complaint, to obtain relief from Defendant's egregious conduct,

2

including expungement of his disciplinary record. These efforts, however, will prove elusive if Plaintiff is forced to proceed under his own name, as the entire purpose of the suit is to dissociate Plaintiff's name from the false and extremely damaging allegations and finding of an academic integrity violation. Accordingly, Plaintiff seeks to proceed pseudonymously.

**ARGUMENT**

Given the highly sensitive, personal nature of the allegations involved, and the absence of any prejudice to the Defendant, the Court should grant Plaintiff's motion to prevent the unnecessary disclosure of his identity as well as the names of the Complainant and witnesses. Maintaining confidentiality of their identities will protect their privacy and reputational interests, guard against the imposition of additional damages, and will not disadvantage the public or Baylor.

**I.      Legal Standards**

Although Federal Rule of Civil Procedure 10(a) generally contemplates the identification of all parties, federal courts have long permitted parties to use pseudonyms to protect privacy and reputation interests in certain situations. *See Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979). There is no hard and fast rule for determining when a party may be allowed to proceed under a pseudonym in the Fifth Circuit. Rather, courts "must decide whether the considerations calling for the maintenance of a party's privacy outweigh the customary and constitutionally-based presumption of openness in judicial proceedings." *See Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). When evaluating a motion to proceed under a pseudonym, courts should look to: "(1) whether the plaintiff seeking anonymity is suing to challenge governmental activity; (2) whether prosecution of the suit compels the plaintiff to disclose information of the utmost intimacy; and (3) whether the plaintiff is compelled to admit his intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.*at 185.

In addition to these factors, the Fifth Circuit also considers the "relevant facts and circumstances of a particular case," including issues such as whether a plaintiff may face a hostile public reaction, and whether the decision to proceed anonymously will have a prejudicial impact on the defending parties. *Rose v. Beaumont Indep. Sch. Dist*., 240 F.R.D. 264, 266 (E.D. Tex. 2007).

Here, application of the relevant standards likewise justifies the use of pseudonyms by the Plaintiff in this case arising from a claim of alleged sexual misconduct under Title IX violations.

## II.   The Balancing Test Favors Plaintiff's Anonymity

As an initial matter, courts around the country have routinely permitted similarly situated plaintiffs – students falsely accused of sexual misconduct and/or intimate partner violence – to proceed by pseudonym, acknowledging the great danger such plaintiffs face in proceeding under their own names, and the futility of the lawsuit if the allegations will be forever publicly associated with plaintiffs' names. As the District Court for the Northern District of New York explained, "protecting the anonymity of sexual assault victims <u>and those accused of committing sexual assault</u> can be an important safeguard to ensure that the due process rights of all parties are protected." *Colgate Univ.*, 2016 WL 1448829, at *2 (emphasis added). *See also, e.g., Doe v. Baum*, 903 F.3d 575 (6th Cir. 2018) (student found responsible for sexual misconduct); *Doe v. Columbia Univ*., 831 F.3d 46 (2d Cir. 2016) (student found responsible for sexual misconduct); *Doe v. Univ. of S.C.,* No. 18-CV-161 (TLW) (PJG), 2018 WL 1215045, at *1 (D.S.C. Feb. 12, 2018) ("Doe has demonstrated compelling interests in anonymity in this matter because of the personal and sensitive nature of the underlying facts of this case, which involve allegations of sexual assault."), *report and recommendation adopted*, 2018 WL 1182508 (D.S.C. Mar. 6, 2018); *Doe v. Univ. of St. Thomas*, No. 16-CV-1127(ADM) (KMM), 2016 WL 9307609, at *2 (D. Minn. May 25, 2016) ("In cases involving intensely personal matters, the normal practice of disclosing the parties'

4

identities yields to a policy of protecting privacy. . . . The complaint and its supporting documents describe very private sexual acts, whether consensual or not, between two young college students, and it is difficult to imagine any resolution of this case without further exploration of truly intimate matters." (citations omitted)); *Doe v. Brandeis Univ.,* 177 F. Supp. 3d 561 (D. Mass. 2016) (student found responsible for sexual assault); *Doe v. Alger*, 317 F.R.D. 37, 40 (W.D. Va. 2016) (granting motion to proceed as pseudonym by student found responsible for sexual misconduct); *Doe v. Middlebury*. No. 15-CV-192 (JGM), 2015 WL 5488109 (D.Vt. Sept. 16, 2015) (student found responsible for sexual misconduct); *Doe v. Univ. of S. Florida Bd. of Trustees*, 15-CV-682-T-30 (EAJ), 2015 WL 3453753 (M.D. Fla. 2015) (student accused of battery, threats, and violence against girlfriend); *Doe v. Salisbury Univ.*, 107 F. Supp. 3d 481 (D. Md. 2015) (student accused of sexual assault); *Doe v. Washington & Lee Univ.,* No. 14-CV-00052, 2015 WL 4647996 (W.D. Va. Aug. 5, 2015) (student expelled after finding of nonconsensual intercourse); *EW v. New York Blood Ctr.,* 213 F.R.D. 108, 111 (E.D.N.Y. 2003) ("[M]any courts have held that, in lawsuits centering around sexual activity and behavior, a plaintiff is entitled to proceed under a pseudonym where revealing the plaintiff's name subjects him or her to the risk of public disapproval, harassment, or bodily harm."); *Doe v. Univ. of the South*, 687 F. Supp. 2d 744 (E.D. Tenn. 2009) (student found responsible for sexual misconduct); *see also Doe v. Penzato*, 10-CV-5154 (MEJ), 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011) (granting motion by plaintiff alleging sexual assault to proceed as pseudonym).

  **A.**  **This Case Compels Plaintiff to Reveal Information of the Utmost Intimacy**

  Plaintiff has presented claims regarding a highly personal and intimate matter – his tumultuous relationship and sexual experiences with a fellow student as well as the emotional toll that the allegations have taken on him. This case will likely involve pleadings that describe, in

some detail, Plaintiff's relationship and sexual experiences with Jane Doe and the effect the claims and Baylor's response has had on his life. As a result, the pleadings will address not only sexual history, but the impact the situation has had on his studies and educational information that is otherwise subject to protection under federal privacy law[1], along with his struggles to recover from both the accusations and Baylor's response.

Those accused of sexual misconduct, as Plaintiff has been, particularly in the arena of Title IX claims, face the same or similar issues in publicizing their true identities. Publication of details of the utmost intimacy, including allegedly false claims of sexual misconduct, would cause a furtherance of the harm that the litigant is seeking to avoid or overturn by filing the federal action. Furthermore, disclosure of the parties' names would undermine the university disciplinary process. As explained by the court in *Univ. of Montana*, a protective order was justified because the federal case arose from a closed university disciplinary proceeding in which all parties were entitled to confidentiality. In fact, numerous courts around the country have permitted plaintiffs alleging similar claims against colleges and universities to proceed anonymously. *See e.g. John Doe v. Columbia University and Trustees of Columbia University,* 2014 WL 6471520 (S.D.N.Y. 2014); *Doe v. Washington & Lee Univ.,* NO. 14-CV-00052, 2015 WL 4647996 (W.D. Va. Aug. 5, 2015); *Doe v. Univ. of the South*, 687 F. Supp. 2d 744 (E.D. Tenn. 2009); *Doe v. Univ. of Massachusetts-Amherst,* 2015 WL 4306521 (D. Mass. 2015); *Doe v. Univ. of S. Florida Bd. of Trustees,* 2015 WL 3453753 (M.D. Fla. 2015); *Doe v. Salisbury Univ.,* 2015 WL 3478134 (D. Md. 2015); *Doe v. Univ. of Montana*, 2012 WL 2416481 (D. Mont. 2012)("With respect to the individual students involved in the Student Conduct Code proceeding, as well as the witnesses and University Court members involved in that proceeding, the Court finds that the interests of those individuals in avoiding undue

---

[1] Plaintiff's private educational records are subject to the provisions of the Family Educational Rights and Privacy Act, commonly referred to as "FERPA," 20 U.S.C. § 1232g.

6

embarrassment, harassment, and disclosure of sensitive private information outweigh the public's need to know their names," *citing to Does I–XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1068–69 (9th Cir.2000)). Similarly, Plaintiff here should be permitted to proceed anonymously due to the highly sensitive and personal nature associated with being falsely accused of sexual misconduct.

### B.   Disclosure of Plaintiff's Identity Would Result in Significant Harm to Plaintiff

In addition, Plaintiff should be permitted to proceed anonymously in this matter as the revelation of his identity would result in significant harm to Plaintiff, the exact type which he seeks to remedy by the commencement of this lawsuit. *See Doe v. Colgate Univ.,* No. 5:15-CV-1069 (LEK/DEP), 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016) ("[s]hould Plaintiff prevail in providing that the charges against him were unfounded and the procedures Defendants followed in their investigation were unfair, forcing Plaintiff to reveal his identity would further exacerbate the emotional and reputational injuries he alleges.") Accordingly, forcing Plaintiff to reveal his identity would not further any aspect of the litigation and "instead poses a risk that Plaintiff would be subject to unnecessary ridicule and attention." *Doe v. Colgate Univ.,* 2016 WL 1448829, at *3.

Thus, even if Plaintiff were ultimately exonerated and his records expunged, the disclosure of his name would nonetheless significantly hinder his ability to pursue future career and educational endeavors, as any entity or employer would undoubtedly have access to the records related to this matter and discover that Plaintiff was falsely accused of sexual misconduct. It is widely recognized that the likelihood of acceptance to a competitive medical school is significantly reduced in light of the high number of applicants and stiff competition, let alone the social stigma associated with being found responsible and sanctioned for sexual misconduct, regardless of whether the decision is ultimately overturned as a result of litigation. Based on the foregoing,

Plaintiff should be permitted to proceed anonymously as requiring him to reveal his identity would result in significant harm to Plaintiff, including the exact damages he seeks to remedy in this matter; namely, physical, psychological, emotional and reputational damages, economic injuries and the loss of educational and career opportunities.

### C. The Suit is Challenging the Action of a Partially Federally Funded College

Plaintiff is suing Baylor, a partially federally funded private college. Although Baylor is not necessarily a government entity, it is also not an entirely private corporation. In the instant case, there is a strong public interest in vindicating the rights of male students at Baylor, given the University's non-compliance with federal law and their own policies.

As the Eastern District of New York has explained, a private school and its employees "are neither governmental entities nor ordinary private parties. However, . . . the [school] 'is organized solely to perform an important, public service' and the [employee] is employed to assist in achieving the [school]'s goals. Given the significant roles held by these defendants in their community, plaintiff's allegations . . . raise concerns affecting a larger association rather than the interest of an individual plaintiff." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) (citations omitted); *see also Doe v. Del Rio*, 241 F.R.D. 154, 158 (S.D.N.Y. 2006) (when a lawsuit "affects many similarly situated individuals, the identities of the particular parties bringing the suit may be largely irrelevant to the public concern with the nature of the process.").

Thus, this factor weighs in favor of non-disclosure.

### D. Defendants Will Not be Prejudiced by Allowing Plaintiff to Proceed Pseudonymously

Further, Plaintiff should be permitted to proceed anonymously as Defendants will not be prejudiced in any way by proceeding against an anonymous party. "Other than the need to make redactions and take measures not to disclose plaintiff's identity, Defendants will not be hampered

or inconvenienced merely by Plaintiff's anonymity in court papers." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006). Significantly, Defendants are already aware of Plaintiff's true identity. Thus, there is no doubt that Defendants will have an unobstructed opportunity to conduct discovery, present their defenses and litigate this matter, regardless of whether Plaintiff identifies himself or proceeds anonymously. Accordingly, Plaintiff must be permitted to proceed anonymously in this action as revealing his name will cause significant prejudice to Plaintiff, while proceeding anonymously will not hinder Defendants in any way.

### E.     There is Weak Public Interest in Knowing Plaintiff's Identity

Plaintiff should also be permitted to proceed in this action anonymously as the public does not have a strong interest in knowing his identity. Considering the purely legal nature of the claims presented (i.e. Defendants violated Plaintiff's right to fair process in violation of Title IX and other federal and/or state law), there is a weak public interest in learning Plaintiff's identity as an individual. The public's interest in this matter would not be furthered by disclosing Plaintiff's identity, as his challenges to UT Health's biased and unfair investigatory process concerns a larger association than the interest of an individual plaintiff; it affects the male student population of UT Health as a whole. *See Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006). Shielding Plaintiff's identity will not, in this case, meaningfully limit the public's ability to consider the important issues raised by this case. There is nothing about the Plaintiff's identity that makes it "critical to the working of justice to reveal those identities." *See, Jane Roes 1-2 v. SFBSC Mgmt.*, LLC, 77 F. Supp. 3d 990 (N.D. Cal. 2015).

While in the past, courts strongly disfavored allowing plaintiffs to proceed anonymously except in extreme circumstances, the nature of the Internet today is such that any plaintiff's identity is readily accessible via a simple online search; thus, courts must be willing to afford additional

9

protective measures to avoid further damage to a plaintiff involved in a matter concerning such egregious and unfounded violations as the present one.

Here, if Plaintiff were required to reveal his name, even if Plaintiff were to succeed on his claims against Defendants, the public's access to his identity would result in further damage to his future educational and career endeavors, resulting in additional mental, emotional and psychological harm, the very harms which he seeks to remedy in this action. There is simply nothing about the status of the Plaintiff that would heighten any public interest beyond the normal public interest in any judicial proceedings sufficient to outweigh Plaintiff's right to privacy. Moreover, the public's knowledge will only be minimally restricted, as it will still know what is alleged to have occurred that resulted in charges of sexual misconduct being filed, as well as the flawed process by which the Defendants investigated and adjudicated those charges. Allowing Plaintiff to proceed anonymously will not significantly obstruct the public's interest in this matter. To the contrary, forcing Plaintiff to reveal his identity could have a potential chilling effect on other similarly situated future plaintiffs. Accordingly, there is not a strong public interest in knowing Plaintiff's identity as an individual, as the issues presented to this Court concern a much greater population of potential plaintiffs.

Based on the foregoing, in consideration of the balancing of relevant factors, the Court should allow Plaintiff to employ a pseudonym in this matter. The interests of Defendants and/or the public will not be harmed at this early stage of the case if Plaintiff's name is not revealed. Plaintiff and his attorneys are prepared to address measures to protect the confidentiality of his identity should the Court require disclosure to the public at a later stage in the proceedings.

## **CONCLUSION**

For these reasons and such other reasons as may appear just to the Court, Plaintiff John

Doe requests that his *Ex Parte* Motion to Proceed Under Pseudonym and for Protective Order be granted in its entirety.

**Dated:   New York, New York
         November 4, 2022**

                                           **Respectfully submitted,**

                                           **NESENOFF & MILTENBERG, LLP**
                                           *Attorneys for Plaintiff John Doe*

                                           By: /s/ Andrew T. Miltenberg
                                           Andrew T. Miltenberg, Esq.
                                           Stuart Bernstein, Esq.
                                           Kristen Mohr, Esq.
                                           363 Seventh Avenue, Fifth Floor
                                           New York, New York 10001
                                           (212) 736-4500
                                           amiltenberg@nmllplaw.com
                                           sbernstein@nmllplaw.com
                                           kmohr@nmllplaw.com

                                           **Borsellino, P.C.**
                                           *Attorneys for Plaintiff John Doe*

                                           By: /s/ Josh Borsellino
                                           Josh Borsellino, Esq.
                                           Texas State Bar No. 24045532
                                           Borsellino, P.C.
                                           Office Address:
                                           1020 Macon St., Suite 15
                                           Fort Worth, Texas 76102
                                           Mailing Address:
                                           3267 Bee Cave Rd., Ste. 107, PMB # 201
                                           Austin, TX 78746
                                           Telephone: (817) 908-9861
                                           Facsimile: (817) 394-2412
                                           Email: josh@dfwcounsel.com